UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

**DEREK JOSEY**,

                Petitioner,

-against-

**SUPERINTENDENT AMY LAMANNA,**
Superintendent Five Points, Correctional Facility

                Respondent.
-------------------------------------------------------------X

**MEMORANDUM AND ORDER**

21-CV-5999 (AMD) (LB)

**ANN M. DONNELLY**, United States District Judge:

The *pro se* petitioner, Derek Josey, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the circumstances surrounding his 2001 guilty plea to a drug possession charge. (ECF No. 1 at 1.) On June 10, 2022 the respondent moved to dismiss the petitioner's claims as untimely. For the following reasons, the respondent's motion is granted.

## BACKGROUND

The petitioner was arrested in Queens, New York on November 25, 1998 when an NYPD officer observed him pulling on the locked door of a building. When the officer approached the petitioner, the petitioner dropped a large clear plastic bag to the ground. The officer recovered the bag, which contained a large amount of rock and powder cocaine. The officer arrested the petitioner, who claimed that another person had given him the bag to hold. (SR: 81-82.)

While the drug case was still pending, the petitioner appeared in Queens Supreme Court on July 5, 2001, for sentencing after trial on an assault and escape case.[1] The judge advised the petitioner that if he pled guilty on the drug case, he would receive the lowest permissible sentence—four and a half to nine years—which would run concurrently with whatever sentence

---

[1] A jury convicted the petitioner of assaulting a police officer, a violent felony, and escape following an arrest, a nonviolent felony.

the petitioner got on the assault case; the judge also explained that the petitioner could plead guilty to the drug charge without admitting guilt, pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970). The petitioner confirmed that he wanted to plead guilty to the criminal possession of a controlled substance charge, that no one was forcing him to plead guilty, and that he did not need to consult his defense counsel because he wanted to "get it over with" and that he "can't go to trial no more." (SR: 7.) The petitioner also confirmed to the court that he understood that by pleading guilty he would give up his right to go to trial. (SR:8.) The petitioner denied that he possessed narcotics on November 25, 1998 but said that he wanted to plead guilty in order to obtain the lowest possible sentence. (SR: 8.) The petitioner waived his right to appeal as a condition of the plea. (SR: 9.) On September 6, 2001 the sentencing court determined that the petitioner was a discretionary persistent felony offender, and sentenced him to an indeterminate prison term of 25 years to life on the assault conviction, and to a concurrent, indeterminate term of four and a half to nine years on the drug case. (S: 39-40.)

The petitioner did not appeal the judgment of conviction, or otherwise challenge the narcotics conviction in state court. In his petition to this Court, he challenges the "conviction of the possession of drugs charge only" on the grounds that (1) the police lacked probable cause to arrest him; (2) his plea was made under duress; and (3) he was denied the effective assistance of counsel. (ECF No. 1 at 1.)

## LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a "[one]-year period of limitation" for "an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). As is relevant here, AEDPA provides that the limitation period will run from the "the date on which the judgment

became final by the conclusion of direct review or the expiration of the time for seeking such review . . ." 28 U.S.C. § 2244(d)(1).  Under AEDPA's tolling provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the one-year period.  28 U.S.C. § 2244(d)(2).

Although the AEDPA statute of limitations may be equitably tolled, *Holland v. Florida*, 560 U.S. 631, 649 (2010), "[e]quitable tolling . . . is only appropriate in 'rare and exceptional circumstances.'"  *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001), *cert. denied*, 535 U.S. 1017 (2002), *abrogation on other grounds recognized by Dillon v. Conway*, 642 F.3d 358 (2d Cir. 2011).  A petitioner "must demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time."  *Id.*; *see also Baldayaque v. United States*, 338 F.3d 145, 151-53 (2d Cir. 2003).

## DISCUSSION

Under AEDPA, the petitioner's conviction became final when his time to appeal the judgment expired on October 8, 2001; his habeas petition was due one year later, on October 8, 2002.  The petitioner filed this habeas petition almost nineteen years after the statute of limitations elapsed, on October 4, 2021.  Accordingly, the petition is untimely.

A court may toll the AEDPA one-year statute of limitations only if the petitioner establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citations omitted).  The petitioner does not dispute that his motion is time barred, nor does he argue that rare and extraordinary circumstances prevented

3

him from timely filing his petition.  Rather, the petitioner maintains that he is "actually innocent of the 1998 drug charge" and that he made his *Alford* plea "under duress." (ECF No. 1 at 1.)[2]

"[I]n rare cases, an assertion of innocence may allow a petitioner to have his accompanying constitutional claims heard despite a procedural bar." *Rivas v. Fischer*, 687 F.3d 514, 540 (2d Cir. 2012). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence . . . ." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "[T]enable actual-innocence gateway pleas are rare," and a "petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (citations omitted).

The petitioner does not claim that there is any new evidence that demonstrates his innocence.  He argues that the court should not have accepted his *Alford* plea because "there was no evidence that was sufficient to support a conviction . . ."[3] (ECF No. 24 at 2.)  In his sworn affidavit the arresting officer stated he saw the petitioner pulling on a locked door, and that when the petitioner saw the officer, the petitioner dropped a clear bag that contained a large quantity of

---

[2] By statute, AEDPA tolls its statute of limitations while a state prisoner had properly filed applications for state post-conviction relief or other collateral review "with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(1).  The petitioner submitted documents from a Section 1983 claim he filed in the Northern District of New York related to injuries he suffered in 2018 while incarcerated. (ECF No. 23.)  This lawsuit does not relate to his guilty plea, nor would they entitle the petitioner to statutory tolling in any event, because the statute of limitations was long-elapsed by the date of filing.

[3] In *Alford*, the Supreme Court found that a guilty plea is valid, even where it lacked an express admission of guilt, if the prosecution demonstrated a "strong factual basis" for guilt, and the defendant "clearly expressed desire to enter it despite his professed belief in his innocence . . . ." 400 U.S. at 37.

4

what appeared to be cocaine in various forms. (SR: 44-45.) A laboratory report confirmed that the substance was cocaine. (SR:92.)

The petitioner has not presented credible and reliable new evidence that he was not guilty of the crime to which he pled guilty. *See United States v. Brown*, No. 13-CV-106, 2014 WL 3738062, at *3 (D. Conn. July 30, 2014) (no equitable tolling where petitioner challenging guilty plea merely restated facts contained in police report of his arrest). Moreover, it is clear from the state court record that the petitioner decided to plead guilty in order to avoid trial on the drug possession charge and secure a reduced sentence. (SR:7); *see Alford*, 400 U.S. at 37 ("In view of the strong factual basis for the plea demonstrated by the State and Alford's clearly expressed desire to enter it despite his professed belief in his innocence, we hold that the trial judge did not commit constitutional error in accepting it.")

Moreover, the petitioner has already served the four to nine-year sentence on the drug conviction.[4] His protestations of actual innocence as to the drug crime would have no bearing on the term of incarceration he is currently serving—the 25-year sentence on the assault conviction. Even if the petitioner was successful in vacating the shorter drug sentence, it "would have no effect on the state prisoner's release date from his [longer] conviction and sentence." *Hurdle v. Sheehan*, No. 13-CV-6837, 2016 WL 4773130, at *3 (S.D.N.Y. Sept. 12, 2016) (dismissing a habeas petition for lack of subject matter jurisdiction where the petitioner serving two concurrent sentences challenged only the shorter sentence). As the petitioner can no longer be considered "in custody" on the drug charges, he does not have standing to bring his habeas claims. *Id*.

## CONCLUSION

---

[4] No term of supervised release accompanied the indeterminate prison term.

5

Accordingly, the respondent's motion to dismiss the petition for a writ of habeas corpus is granted. A certificate of appealability will not be issued because the petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 112-13 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from a judgment denying the instant petition would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

**SO ORDERED.**

                                                s/Ann M. Donnelly
                                                ANN M. DONNELLY
                                                United States District Judge

Dated: Brooklyn, New York
       January 13, 2023